UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

KODY WEIDMAN,

                              Plaintiff,

          -vs-                                **No. 6:12-CV-6524(MAT)**
                                              **DECISION AND ORDER**
LARRY WILCOX,

                              Defendant.

───────────────────────────────

## I.   **Introduction**

Pro se plaintiff Kody Weidman ("Weidman" or "Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), instituted this action pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate medical treatment in violation of his rights under the Eighth Amendment. Defendant has moved to dismiss the complaint on the basis that Weidman has failed to exhaust his administrative remedies.

## II.  **Background**

Plaintiff has alleged the following facts, which the Court accepts as true for purposes of this motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). E.g., Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997) (citations omitted). On September 3, 2012, Plaintiff was bitten on his left cheek by a spider. He reported it and was sent to sick call. However, the head nurse refused to treat him, and as a result, his left cheek "swell[ed] up

and start[ed] to pus", and became painful. Dkt #1, p. 3 of 4.
Plaintiff contacted "D.I. Delmani", who in turn contacted "the
sgt", who took him to the hospital at Lakeview on September 6,
2012. Id. There, Plaintiff was seen by a doctor who gave him
"sulfamethox" and applied a heat pack to his face. The "pus and
swelling then went down." Id.

Plaintiff did not file a grievance but instead proceeded
directly to this Court, filing his complaint on September 14, 2012.
Defendants filed a motion to dismiss on March 18, 2013. The
complaint was dismissed for failure to prosecute on June 19, 2013,
but was reinstated on June 25, 2013. The matter was transferred to
the undersigned on February 20, 2014. For the reasons set forth
below, the motion to dismiss is granted, and the complaint is
dismissed in its entirety with prejudice.

## III. Defendant's Motion to Dismiss

Defendant asserts that it is clear from the face of
Plaintiff's complaint that he has failed to exhaust his
administrative remedies by filing a prison grievance, and therefore
his complaint warrants dismissal pursuant to Rule 12(b)(6). In
response to Defendant's non-exhaustion argument, Plaintiff simply
restates the basis for his grievance as his reason for not
exhausting his administrative remedies.

A.    **Administrative Exhaustion**

The Prison Litigation Reform Act of 1995 (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), requires an inmate to exhaust all available administrative remedies before filing suit in federal court. Specifically, Section 1997e(a) of Title 42 U.S.C. provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Supreme Court has ruled that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong[,]" Porter v. Nussle, 534 U.S. 516, 532 (2002).

It is well established that exhaustion requires that "a prisoner must grieve his complaint about prison conditions up through the highest level of administrative review" before filing suit. Porter v. Goord, No. 01 Civ. 8996(NRB), 2002 WL 1402000, at *1 (S.D.N.Y. June 28, 2002) (citing Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) ("[G]rievances must now be fully pursued prior to filing a complaint in federal court."); other citation omitted)); see also Booth v. Churner, 532 U.S. 731, 735 (2001) (noting that inmate, who conceded nonexhuastion below, "did not, however, go beyond the first step, and never sought intermediate or

-3-

final administrative review after the prison authority denied relief"); Gibson v. Goord, 280 F.3d 221, 223 (2d Cir. 2002) (noting plaintiff "had not pursued the available remedy of filing a 'level two grievance'"). "Complete exhaustion" is therefore required. Graham v. Cochran, No. 96 Civ. 6166(LTS)(RLE), 2002 WL 31132874, at *1, 6 (S.D.N.Y. 2002) (noting "action must be dismissed because [plaintiff] unreasonably failed to appeal"); see also McCoy v. Goord, 255 F. Supp.2d 233, 251 (S.D.N.Y. 2003) ("The standard is not one of fair notice to the defendants, or of substantial compliance.").

Prisoners in DOCCS custody must complete a three-step inmate grievance procedure, including two levels of appeals, to exhaust their administrative remedies. See, e.g., Baskerville v. Blot, 224 F. Supp.2d 723, 729 (S.D.N.Y. 2002); N.Y. CORR. LAW § 139; N.Y. COMP. CODES R. & REGS. tit. 7, § 701.7. The DOCCS grievance procedure is available for any number of complaints, as New York State law "permits inmates to file internal grievances as to virtually any issue affecting their confinement." Flanagan v. Maly, No. 99 Civ. 12336(GEL), 2002 WL 122921, at *1 (S.D.N.Y. Jan. 29, 2002) (citations omitted).

Although the Second Circuit has not explicitly ruled on the issue of whether exhaustion is jurisdictional, it has held indirectly that it is not. See Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999) (failure to exhaust is an affirmative

-4-

defense); Snider v. Melindez, 199 F.3d 108, 112 (2d Cir. 1999) (exhaustion need not be pled in the complaint); Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) (non-exhaustion may be waived)). Thus, most courts in this Circuit have found that Rule 12(b)(6), rather than Rule 12(b)(1), is the proper vehicle for a defendant to use to seek dismissal of a § 1983 complaint, provided that nonexhaustion is apparent on the face of the complaint. McCoy, 255 F. Supp.2d at 249 (citing Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74-75 (2d Cir. 1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint."); other citation omitted). If, on the other hand, "nonexhaustion is not clear from the face of the complaint, a defendant's motion to dismiss should be converted, pursuant to Rule 12(b), to one for summary judgment limited to the narrow issue of exhaustion and the relatively straightforward questions about the plaintiff's efforts to exhaust, whether remedies were available, or whether exhaustion might be, in very limited circumstances, excused." McCoy, 255 F. Supp.2d at 251 (citation omitted).

**B.  Analysis**

Plaintiff's complaint, broadly construed, asserts entitlement to damages under 42 U.S.C. § 1983 for negligent medical care and deliberate indifference to a serious medical need. Because

Plaintiff has not alleged that he was singled out for such treatment, his action is one brought with respect to prison conditions, and he must exhaust his administrative remedies. Polanco v. City of N.Y. Dep't of Corr., No. 01 Civ. 759(AGS), 2002 WL 272401, at *2 (S.D.N.Y. Feb. 26, 2002) (citing Neal v. Goord, 267 F.3d at 119-21 (claims of inadequate medical treatment generally relate to prison conditions)). Here, Plaintiff admitted in his complaint that there was a prison grievance procedure available to him, but he did not use it. Dkt #1, p. 2 of 4. When asked on the form complaint why he did not file a grievance, his response reads in full as follows: "I Kody Weidman when [sic] to sick call about the spider bite on my face and they refuse to attend me." Id.

In certain situations, an inmate may be exempted from the exhaustion requirement. If the inmate argues that he is exempt, the court must undertake a three-part inquiry, which entails asking (1) whether administrative remedies were not in fact available; (2) whether the defendants' actions inhibited exhaustion so as to estop them from asserting non-exhaustion as an affirmative defense; or (3) whether "special circumstances" exist (e.g., an inmate reasonably misunderstood the requirements of the grievance procedures). Hemphill v. City of New York, 380 F.3d 680, 686 (2d Cir. 2004).

Plaintiff has not specifically argued that he is exempt from grieving for any of the reasons recognized in Hemphill. He does not claim that the grievance process was "unavailable" to him. Plaintiff does not identify any "special circumstances" that might justify his failure to exhaust his administrative remedies. He does not specifically claim that Defendants took any steps to inhibit him from taking advantage of the grievance process. He simply restates the gravamen of his complaint (i.e., he went to sick call and did not receive treatment for his spider bite) as his reason for not pursuing a prison grievance through the proper channels. This is plainly insufficient.

In short, because Plaintiff has failed to identify any legally cognizable reason why he could not exhaust his administrative remedies, and because he affirmatively admits that he did not exhaust them, the Court must grant Defendants' motion to dismiss his complaint. See, e.g., Lewis v. City of N.Y., No. 12 CV 5850(CM), 2013 WL 3833001, at *4 (S.D.N.Y. July 23, 2013) (granting defendant's motion to dismiss where plaintiff-inmate failed to offer any excuse for failure to follow through on the grievance he filed; did not claim that grievance process was "unavailable" to him; did not identify any "special circumstances" to justify his failure to exhaust his administrative remedies; and did not specifically claim that prison officials interfered with his ability to use the grievance process).

-7-

### C.    Whether Dismissal Is With or Without Prejudice

When a prisoner fails to exhaust available administrative remedies, and the time permitted for pursuing such remedies has not expired, the complaint is ordinarily dismissed without prejudice, thereby allowing the prisoner to submit a grievance to the particular institution at which the incident in question occurred. Snider v. Melindez, 199 F.3d at 111-12; see also Morales v. Mackalm, 278 F.3d 126, 128, 131 (2d Cir. 2002) (per curiam) (broadly stating in dictum that any dismissal for failure to exhaust administrative remedies should be without prejudice), abrogated on other grounds, Porter v. Nussle, 534 U.S. 516, 532 (2002). In Berry v. Kerik, 366 F.3d 85 (2d Cir. 2004), however, the Second Circuit explained that this "broad[ ] dictum" in Morales "would extend too far if applied to cases where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust." 366 F.3d at 88.

Here, because Plaintiff was released from prison during the pendency of this action, administrative remedies are no longer available to him. Finger v. Superintendent McFinnis, 99CIV.9870(LTS)(THK), 2004 WL 1367506, *5 (S.D.N.Y. June 16, 2004) (citing Morris v. Eversley, 205 F. Supp.2d 234, 241 n. 4 (S.D.N.Y. 2002) (citing Liner v. Goord, 115 F. Supp.2d 432, 434 (S.D.N.Y. 2000) (concluding that administrative remedies were no longer

-8-

available to plaintiff who had been released from prison because inmate grievance procedures, on their face, are available only to inmates and visitors, and not to former prisoners)). Since the incident of which Plaintiff complains occurred in early September 2012, and he was not released to parole supervision until March 2013, he had ample opportunity to exhaust his administrative remedies while they were still available to him as a DOCCS prisoner. See Berry, 366 F.3d at 88 (former inmate who had been in DOCCS custody had "ample opportunity" to use administrative remedies where he had been incarcerated for several months after the onset of the conditions that gave rise to his complaints and before his release, and then had been incarcerated for periods of nine months and three months on unrelated offenses). As discussed above, Plaintiff has offered no legally cognizable reason for his failure to exhaust, simply stating, in effect, that he failed to file a grievance because he suffered a grievable injury. Hence, the Court finds that Plaintiff's complaint should be dismissed with prejudice. See id. (dismissing with prejudice inmate's action for failure to exhaust, where exhaustion was required but administrative remedies had become unavailable after prisoner had ample opportunity to use them, and no special circumstances justified failure to exhaust).

## IV.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss (Dkt #10) is granted, and Plaintiff's complaint (Dkt #1) is dismissed in its entirety with prejudice. The Court hereby certifies that any appeal of this order would not be taken in good faith, and therefore it denies leave to appeal in forma pauperis. Any further request for in forma pauperis status must be made on motion to the United States Court of Appeals for the Second Circuit. The Clerk of the Court is requested to close this case.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     March 17, 2014
           Rochester, New York